**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 4:26 pm, Mar 27, 2018*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

IN RE:                                    )    Chapter 13 Case
                                          )    Number <u>17-11119</u>
RICHARD P. GREEN                          )
                                          )
        Debtor                            )
_____  )


### OPINION AND ORDER

Before the Court is an Objection to Confirmation filed by the Chapter 13 Trustee ("Trustee") arguing Richard P. Green's ("Debtor") chapter 13 plan may not be confirmed due to Debtor's lack of good faith. The Court has jurisdiction pursuant to 28 U.S.C. §1334 and this is a core proceeding under 28 U.S.C. §157(b)(2)(L). For the following reasons, the Trustee's objection to confirmation is denied in part and an evidentiary hearing will be held to consider the other good faith issues raised by the Trustee.

### FINDINGS OF FACT

Debtor is retired and receives: $975.00/month in Social Security Income ("SSI"); $2,072.00/month in pension benefits; and $14.00/month for prorated tax refund allocation. Dckt. No.

1, Sch. I.    Debtor excludes his $975.00/month SSI from his income on Schedule I with a notation claiming the SSI is not current monthly income.  Id.  This leaves Debtor with a gross monthly income of $2,086.00.  Id.  On his expense schedule, Debtor states he lives with his daughter and pays no rent, but does pay the utilities.  Dckt. No. 1, Sch. J.  Debtor's total monthly expenses are $1,877.00 leaving him a monthly net income of $209.00/month when SSI is excluded.  Id.  Debtor proposes to commit into his chapter 13 plan $250.00/month for a minimum of 36 months.  Chapter 13 Plan, Dckt. No. 2.

Debtor's bankruptcy schedules list six creditors whose claims are secured by TVs, however, Debtor omitted the date each debt was incurred and account number information; notwithstanding the applicable schedule's request for the "date debt was incurred" and "last 4 digits of account number." Dckt. No. 1, Sch. D.  From the claims filed by five of these creditors, the Trustee summarizes the amounts and dates the respective debts were incurred as follows:

1) Sunset Finance: Claim 4, incurred July 3, 2017, amount $927.29;

2) Credit Central, Inc.: Claim 6, incurred June 30, 2017, amount $1,388.51;

3) Western Shamrock: Claim 1, incurred June 30, 2017, amount $2,078.78;

4) Security Finance: Claim 3, incurred May 1, 2017, amount $879.93; and

2

5) Credit Central, Inc. SC 20: Claim 5, incurred March 31, 2017, amount $805.75.

Dckt. No. 22, p. 3.  Debtor filed his bankruptcy petition on July 31, 2017, shortly after these debts were incurred. Debtor's chapter 13 bankruptcy plan proposes to pay a 0% dividend to his unsecured creditors, with none of his SSI being contributed to the plan.

### CONCLUSIONS OF LAW

The issue is whether Debtor's plan has been proposed in good faith when he proposes to pay a 0% dividend to his unsecured creditors and refuses to offer any of his $975.00/month social security income to the benefit of his unsecured creditors. Over the 36-month period of his chapter 13 plan, Debtor will retain $35,100.00 in SSI while paying his unsecured creditors nothing.  The Trustee argues Debtor's complete lack of effort to pay even a small dividend to his unsecured creditors is bad faith when he has the ability to pay such a dividend.  Contrarily, Debtor argues the Bankruptcy Code excludes SSI from projected disposal income and therefore it cannot be bad faith to exclude it from his plan.

**Projected Disposable Income**.

Bankruptcy Code §1325(a) lists the conditions under which the Bankruptcy Court shall confirm chapter 13 plans.  If the trustee or an unsecured creditor objects to confirmation, a debtor must either pay his unsecured creditors in full, or pay

3

all of his "projected disposable income" into his plan.   11

U.S.C. §1325(b)(1).    The Bankruptcy Code does not define

"projected disposable income", but it defines "disposable

income" as "current monthly income received by the debtor" less

certain amounts reasonably necessary to support the debtor.   11

U.S.C. §1325(b)(2).    Social security benefits are expressly

excluded   from   current   monthly   income.    11   U.S.C.

§101(10A)("[C]urrent monthly income . . . excludes benefits

received under the Social Security Act. . . .").

As the Supreme Court stated in Hamilton v. Lanning, 560

U.S. 505, 510 (2010), a bankruptcy court should first look to

the calculation of "disposable income" to determine a debtor's

"projected disposable income" and usually nothing more is

required; however, in unusual cases, the bankruptcy court may

take into account "other known or virtually certain information

about the debtor's future income or expenses."   Lanning, 460

U.S. at 519.   This is not the unusual case contemplated by

Lanning, as Debtor's receipt of this SSI is not a change in his

future income and SSI is income expressly excluded from the

disposable income calculation.   See In re Cranmer, 697 F.3d at

1317.  For these reasons, the Court finds, the plain language of

the statute excludes SSI from the projected disposable income.

**Good Faith**.

The Trustee concedes there is not a per se rule that

4

excluding SSI from projected disposable income constitutes bad faith, but argues the totality of the circumstances in this case require a finding that Debtor's proposed plan lacks good faith. The Trustee relies upon the case of <u>In re Thomas</u>, 443 B.R. 213 (Bankr. N.D. Ga. 2010).

Similar to the current case, the debtor in <u>Thomas</u> had the ability to pay his unsecured creditors in full if he contributed his SSI into his plan, but "instead the debtor would generate [and retain for himself] a surplus of more than two times his plan payment every month without **any** payment to unsecured creditors." <u>Id.</u> at 219 (emphasis in original). The <u>Thomas</u> court acknowledged that SSI is not included in a debtor's projected disposable income, but applying the 11th Circuit's <u>Kitchens</u> totality of the circumstances test, found debtor's plan failed to satisfy the good faith requirement of 11 U.S.C. §1325(a)(3) when the plan payment is not consistent with a debtor's available resources. <u>Id</u>. at 217.

Section 1325(a)(3) of the Bankruptcy Code provides a chapter 13 plan must be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. §1325(a)(3). The Eleventh Circuit uses a totality of the circumstances approach to determine whether a chapter 13 debtor's plan satisfies the good faith requirement. <u>In re Kitchens</u>, 702 F.2d 885, 888-89 (11th Cir. 1983). The totality of the circumstances test is a non-

5

✎AO 72A
(Rev. 8/82)

exhaustive list of factors for the Court to consider:

> (1) the amount of the debtor's income from all sources;
>
> (2) the living expenses of the debtor and his dependents;
>
> (3) the amount of attorney's fees;
>
> (4) the probable or expected duration of the debtor's Chapter 13 plan;
>
> (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
>
> (6) the debtor's degree of effort;
>
> (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
>
> (8) special circumstances such as inordinate medical expense;
>
> (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
>
> (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;
>
> (11) the burden which the plan's administration would place on the trustee
>
> (12) type of debt to be discharged and whether the debt would be non-dischargeable in a chapter 7; and
>
> (13) accuracy of statements of the plan's statements of debts and expenses and whether inaccuracies are an attempt to mislead the court.

See Kitchens, 702 F.2d at 889.[1]

---

[1] In this case, the Trustee and Debtor have stipulated that all the Kitchens factors have been satisfied except for the following: Debtor's degree of effort; the substantiality of repayment; the

6

As in Thomas, the Trustee argues good faith is a separate and distinct requirement of chapter 13 confirmation and Debtor's lack of paying any dividend to his unsecured creditors when he has the ability to do so, coupled with his incurrence of the secured debts on the eve of bankruptcy show a lack of good faith under the totality of the circumstances.  As to Debtor's SSI, I disagree.

Debtor's exclusion of SSI is expressly allowed by the Bankruptcy Code and its omission from the plan cannot alone constitute bad faith.  See In re Welsh, 711 F.3d 1120, 1131-32 (9th Cir. 2013)("We cannot conclude, however, that a plan prepared completely in accordance with the very detailed calculations that Congress set forth is not proposed in good faith."); In re Cranmer, 697 F.3d 1314, 1319 (10th Cir. 2012)("[w]hen a Chapter 13 debtor calculates his repayment plan payments exactly as the Bankruptcy Code and the Social Security Act allow him to, and thereby excludes [Social Security income], that exclusion cannot constitute a lack of good faith."); In re Ragos, 700 F.3d 220, 227 (5th Cir. 2012)(debtors cannot be in bad faith merely for doing what the Bankruptcy Code allows debtors to do); In re Mort Ranta, 721 F.3d 241, n.15 (4th Cir.

---

living expenses of Debtor and his dependents; and the circumstances under which the Debtor contracted his debts and his demonstrated bona fides, or lack of same, in dealing with his creditors.  Dckt. No. 15.

AO 72A
(Rev. 8/82)

2013)(noting that the exclusion of SSI from disposable income, by itself, does not constitute bad faith); In re Ogden, 570 B.R. 432, 436-37 (Bankr. N.D. Ga. 2017)(agreeing with those courts that have concluded that retaining SSI is not sufficient to show a lack of good faith). "A contrary holding would render the Code's express exclusion of SSI from the calculation of the debtor's disposable income, and thereby, its exclusion of SSI from the calculation of the debtor's projected disposable income, meaningless . . . . [I]t simply was not bad faith for [the debtor] to adhere to the provisions of the Bankruptcy Code and, in doing so, obtain a benefit provided by it." Cranmer, 697 F.3d at 1319.

        In this case, the general good faith requirement of 11 U.S.C. §1325(a)(3) does not override Congress's very specific exclusion of SSI from current monthly income. In re Welsh, 711 F.3d at 1131 ("we cannot ignore the explicit repayment requirements that Congress has chosen to enact. When Congress speaks directly to one of the good faith factors, the judicial good faith inquiry is narrowed accordingly."); see also RadLAX Gateway Hotel v. Amalgamated Bank, 566 U.S. 639, 645 (2012)("[I]t is a commonplace of statutory construction that the specific governs the general . . . . [T]hat is particularly true where . . . Congress has enacted a comprehensive scheme and has deliberately targeted specific problems with specific

8

solutions.").

This conclusion does not preclude a debtor from opting to use his SSI to fund his chapter 13 plan and SSI may be considered in determining whether a plan is feasible, but a Debtor cannot be forced to contribute SSI to satisfy the good faith component of §1325.  See Mort Ranta, 721 F.3d at 254 (concluding that when a debtor proposes to fund the chapter 13 plan with SSI, the court must take SSI into account when making the feasibility determination).  Furthermore, Debtor still has to meet the other requirements of §1325(a), including the liquidation analysis of §1325(a)(4) which requires that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7."  11 U.S.C. §1325(a)(4).

As Judge Drake noted in the In re Ogden, the "optics of the situation are not pleasant, and that does raise a specter of unfairness" to allow Debtor to amass such funds while paying a 0% dividend to his unsecured creditors.  In re Ogden, 570 B.R. 432, 438 (Bankr. N.D. Ga. 2017).[2]  Nevertheless, as noted in In re Ogden, Congress has written the Bankruptcy Code where it is

---

[2]   The debtor in Ogden was paying a 10% dividend to his unsecured creditors.  In re Ogden,  2017 WL 2124413, at *1 (Bankr. N.D. Ga. May 15, 2017).

9

not bad faith for a debtor to adhere to the express provisions of the Code and obtain the benefits and burdens provided therein.  Id.  In these circumstances, the Court should not substitute its judgment for that of Congress. See In re Welsh, 711 F.3d at 1131-32 ("We cannot conclude, however, that a plan prepared completely in accordance with the very detailed calculations that Congress set forth is not proposed in good faith.  To hold otherwise would be to allow the bankruptcy court to substitute its judgment of how much and what kind of income should be dedicated to the payment of unsecured creditors for the judgment of Congress."). For these reasons, the Court concludes it is not bad faith for Debtor to exclude his SSI from his chapter 13 plan payments.

**Other Good Faith Concerns.**

The Court's conclusion as to SSI does not resolve the Trustee's other good faith concerns.  The Trustee questions Debtor's good faith in how he has treated his creditors.  In addition to the SSI argument, the Trustee alleges Debtor incurred a substantial amount of secured debt in the months immediately preceding the filing of bankruptcy and such conduct constitutes bad faith.  In re Glisson, 430 B.R. 920, 923 (Bankr. S.D. Ga. 2009)(Debtor has the ultimate burden to prove his plan is confirmable).

On his bankruptcy schedules, Debtor did not disclose the

10

℅AO 72A
(Rev. 8/82)

date he incurred these debts notwithstanding the request for such information. See Dckt. No. 1, Sch. D. The Trustee further points out Debtor proposes to avoid these liens and pay these six creditors nothing. These concerns raise the Kitchens good faith factors of "the circumstances under which the debtor has contracted his debts and demonstrated bona fides, or lack of same, in dealings with his creditors." In re Kitchens, 702 F.2d at 889; In re Crittenden, 2009 WL 2424331, at *3 (Bankr. M.D. Ala. August 6, 2009)(noting "good faith is often put at issue when [the debtor] incurs a debt on the eve of bankruptcy. Recently incurred debts bring into question the debtor's bona fides, or lack thereof, in dealing with the creditor."). The Trustee also objects to the reasonableness of Debtor's living expenses, which is another Kitchens good faith factor. In re Kitchens, 702 F.2d at 889.

Debtor has not addressed these arguments, and the Court is unable to make the fact-specific determination necessary as to these factors. See In re Ogden, 570 B.R. at 438-39 (refusing to consider unsworn statements and continuing confirmation in order to allow parties to present evidence on the Kitchens factors). For the foregoing reasons, the Trustee's objection to confirmation is ORDERED:

1) DENIED as to the allegation that the plan fails to satisfy the good faith requirement of §1325(a)(3) because Debtor

11

failed to dedicate any portion of his SSI to the plan; and

    2)  The Clerk is directed to set a continued confirmation hearing to consider the remaining good faith issues.


SUSAN D. BARRETT
UNITED STATES BANKRUPTCY JUDGE


Dated at Augusta, Georgia
this **27th** day of March 2018.

12